## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| ELISA F. BRYAN LACATENA, | ) | |
| | ) | |
| Petitioner, | ) | **FAMILY NO. ST-2019-DI-00118** |
| | ) | |
| vs. | ) | **ACTION FOR DIVORCE** |
| | ) | |
| MICHAEL ANTHONY LACATENA, | ) | |
| | ) | |
| Respondent. | ) | **Cite as 2021 VI Super 36p** |
| | ) | |

**Evert, Julie German, Esq.**
**(Attorney for Petitioner)**

**Capdeville, Andrew L., Esq.**
**(Attorney for Respondent)**

**WATLINGTON, Judge.**

### MEMORANDUM OPINION

¶1    This matter is before the Court on the Petitioner's Motion To Prohibit Court From Distributing Property filed on January 29, 2021 and the Respondent's Motion To Stay Ruling On the Petitioner's Motion or Alternatively, Respondents Opposition To The Same filed on February 11, 2021. The parties' ownership of their "marital home" located on Parcel No.5H Rem Estate Hull, No.4 Little Northside, St. Thomas U.S. Virgin Islands, and a parcel of "raw land" located at Parcel No. 5H-1a Estate Hull, No.4 Little Northside Quarter, St. Thomas, U.S. Virgin Islands are in dispute.

### UNDISPUTED FACTS

¶2    On August 19, 2019 the Petitioner filed a Verified Petition for Divorce. The parties were married on July 14, 2006 in St. Thomas, U.S. Virgin Islands. Petitioner stated that the marriage is irreconcilably broken to the extent that the legitimate objects of matrimony have been destroyed, and there is no likelihood that the marriage can be preserved. The parties' have no children born of the marriage.[1] Among other things, Paragraph 8 of the Petition states that there is "real" property which needs to be distributed

---

[1] Petitioner has a minor child from a previous relationship.

by the Court. In Respondent's Answer and Counterclaim, he admits and claims that there is "real" property that needs to be distributed.

¶3 On February 8, 2008, the parties entered into an Installment Sales Contract with Petitioner's parents Clara I. Bryan and Francis J. Bryan. The Installment Sales Contract provided title to Parcel No.5H Rem Estate Hull, No.4 Little Northside, St. Thomas U.S. Virgin Islands (hereinafter "the marital home") in consideration of Five Hundred Thousand Dollars ($500,000.00). The parties took possession of and lived together in what became the marital home until December 2018, when they separated.

¶4 Before the parties paid the full amount owed on the Installment Sales Contract, a Quitclaim deed was delivered to them from Petitioner's parents on November 9, 2009. Although the Quitclaim deed properly referenced the address of the marital home, the sale amount was reflected as Three Hundred and Forty-Two Thousand ($342,000). The deed was signed by each parent as a grantor, but each signature was only witnessed by one individual. Similarly, the Quitclaim deed regarding the "raw land" located at Parcel No. 5H-1a Estate Hull, No.4 Little Northside Quarter, St. Thomas, U.S. Virgin Islands was only signed by one witness to each grantor. Both parties requested the Court to distribute these two properties.

¶5 On May 16, 2019, a Civil Complaint for foreclosure was filed, captioned *Clara I Bryan And Francis J. Bryan. As Cotrustees Of The Francis J. Bryan And Clara I.Bryan Family Revocable Living Trust v. Elisa F. Bryan Lacatena And Michael Lacatena* in case number ST-2019-CV-00260. The complaint alleges that the parties are in default under the terms of the 2008 Installment Sale Contract, among other things. Interestingly, the complaint makes no mention of the existence of the 2009 quitclaim deeds to the parties for the "martial home" and "raw land". The Petitioner/Wife filed her Answer to the Complaint on July 2, 2019 and the Respondent/Husband filed his Answer on June 19, 2019. The foreclosure action is still pending.

## ISSUES

¶6 Whether this Court has subject matter jurisdiction to distribute the parties' marital home and raw land, which they claim to jointly own?

Whether this Court is preempted under the "first to file rule" from considering title to the real properties in question?

## ANALYSIS

¶7 Marital Property is all property acquired by either spouse after marriage through the date of the Decree of Divorce, unless the property falls within one of the enumerated exceptions of Title 16 V.I.C. §

109 (7).[2] In her motion, Petitioner contends that the deeds to the "marital home" and "raw land" were not conveyed in compliance with Virgin Islands law which requires two signatures for each Grantor. If this is true, then there is no marital real property to distribute as Petitioner asserted in the petition for divorce.

¶8    In the instant case it is undisputed that two witnesses did not subscribe their names to each grantor's signature. The Virgin Islands Code requires that all deed conveyances be signed by the grantor and be executed with such formalities pursuant to Title 28, Section 42(a).[3] *Alexander v. Alexander*, 65 V.I. 372, 372-73 (2016), explains that "Unlike certain other jurisdictions, the Virgin Islands does not have a statute permitting a person to cure a deficiently executed conveyance". Thus, a conveyance executed within the Virgin Islands must comport with all of the formalities as are required by law to effectuate a valid transfer, which includes the signatures of two persons, identified as witnesses, who observed the grantor sign the deed." Even if curable, Petitioner contends that her mother will not cure any defect in the deeds and her father is now deceased.[4]

¶9    The Respondent argues that any determination as to the ownership of the Estate Hull property is premature and that the validity or legality of the quitclaim deed should be decided in the Civil Division. The Respondent further contends that this instant case is distinguished from *Alexander* because the quitclaim deed was executed pursuant to an installment contract and other ancillary agreements. Respondent asserts that if the Civil Division determines that the "marital home" belongs to the parties, only then will it require distribution by the Court. The parties agree that there is an issue regarding their ownership of the properties which they requested this Court to distribute. This Court also agrees that the title to the properties is disputed. Thus, in the absence of clear title to the real properties by the parties to this divorce, the Court has no subject matter jurisdiction to distribute the real properties.

¶10    Subject matter jurisdiction is a fundamental and nonwaivable requirement which must be fully considered by a court whenever a possible lack of jurisdiction is brought to its attention. *Prosser v. Nissman*, 67 V.I. 96, 96 (Super. Ct. 2016). If the Civil Court determines that the Quitclaim deeds are invalid then there is no jointly owned real property to distribute. The Family Court does not have

---

[2] 16 V.I.C. § 109 (7)

(A) Property acquired by gift, bequest, devise, or descent;
(B) Property acquired in exchange for property acquired prior to the marriage, or in exchange for property acquired by gift, bequest, devise, or descent;
(C) Property acquired by a spouse after a decree of legal separation;
(D) Any judgment or property obtained by judgment awarded to a spouse from the other spouse;
(E) Property excluded by valid, written agreement of the parties; and
(F) Income from property acquired by a method listed in subparagraphs (A) through (E), if the income is not attributable to the personal effort of a spouse.
[3] Deeds executed within the Virgin Islands of lands or interest in lands shall be executed in the presence of two witnesses, who shall subscribe their names to the same as such; and the persons executing such deeds may acknowledge the execution thereof.
[4] See Affidavit of Clara Bryan.

jurisdiction to distribute property that is not owned by the parties. At this stage, the real property issues are not ripe for the divorce action because the parties do not have clear title and the matter is yet to be determined.

¶11 It is obvious and uncontroversial that two judges in the same judiciary should not preside over parallel litigations of the same dispute simultaneously. See Bell v. Lee J. Rohn & Assocs., LLC, 2015 V.I. LEXIS 89, *4 (V.I. Super. Ct. July 8, 2015). "To do otherwise would be an inefficient waste of judicial resources (and the parties'). Further, it also opens the risk of potentially conflicting rulings and inconsistent adjudications of essentially the same factual and legal issues." See *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) LEXIS 89, at *4 (Super. Ct. July 8, 2015). The court also looks to the "first to file" rule which provides that "[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Cenni v. Estate Chocolate Hole Landowners Ass'n*, No. ST-15-CV-383, 2016 V.I. LEXIS 98, at *83 (Super. Ct. July 18, 2016)

¶12 This Court has applied the "first to file" rule where an action filed in the Division of St. Thomas and St. John presented issues "substantively identical" to those already pending in an action in the Division of St. Croix *see Cenni.* Here, the issue of the validity of the Quitclaim deed is substantially identical to the issues being filed in the Civil Division. Assuming this Court has jurisdiction, if it were to make a judgment on the validity of the deeds, a conflicting ruling could be produced. Further, in *Alexander* the court stated that the burden shifts to the defendants to "Introduce some evidence that the deed was valid and effective to convey title of the Property to him." *See Perez*, 59 V.I. at 527-28. The parties cannot and has not done that. Since this divorce action was filed months after the foreclosure action in the Civil Division, it is proper to afford difference and respect to the Civil Court.

¶13 The Respondent requested attorney fees for the filing of his Motion.

Title 5 V.I.C. § 541(b) provides that the awarding of attorney fees are a matter within the discretion of the Court. The prevailing party can be awarded fees and cost incurred. In this instant action both parties had knowledge of the property dispute when the Petition and Answers were filed. Yet both parties requested that the Court distribute properties which titles are in question. Neither made any mention of the foreclosure action in the Petition or Answer, which clearly preceded the filing of the divorce action. Petitioner's motion is counter to her original claim that there was real property that needed to be distributed. It would have been more appropriate to amend the Petition rather than ask the Court to distribute properties. Meanwhile Respondent perpetuated the improper claim on the Court by admitting

to the Court that there is real property to distribute without acknowledging the foreclosure. This omission resulted in wasteful litigation. Thus, no award of attorney fees will be awarded.

## CONCLUSION

Based on the foregoing, the Court concludes that the Civil Division where the foreclosure action is pending is the proper Court to hear the arguments on the validity of the Quitclaim deeds. This Court does not have subject matter jurisdiction over the real properties which the parties initially asked to be distributed. Moreover, since it is improper for two judges in the same judiciary to preside over parallel litigations of the same dispute simultaneously, this Court cannot and will not determine the title to the real properties. It would be counterintuitive to the "first to file" rule to attempt to litigate real property issues in this divorce proceeding. Although, Petitioner's Motion is inconsistent with her assertion that there are real properties to be distributed, the Court will grant the motion.

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion To Prohibit Court From Distributing Property is **GRANTED**; and it is further

**ORDERED** the Respondent's Motion To Stay Ruling On the Petitioner's Motion or Alternatively, Respondents Opposition To The Same is **DENIED** in part; and it is further

**ORDERED** that Respondent's request for attorney fees and costs are **DENIED** ; and it is further

**ORDERED** that copies of this Order shall be directed to Julie German Evert, Esq., and Andrew L. Capdeville, Esq.

DATED: March 19 , 2021

**DEBRA S. WATLINGTON**
**Judge of the Superior Court**
**of the Virgin Islands**

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

By:

**Brenda Monsanto**
**Court Clerk Supervisor** 3 12 2021